LONI DOWNS,                                            No. 06:14-cv-02046-HZ

            Plaintiff,

     v.                                                    OPINION & ORDER

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

            Defendant.

Bruce W. Brewer
P.O. Box 421
West Linn, Oregon 97068

    Attorney for Plaintiff

Billy J. Williams
ACTING UNITED STATES ATTORNEY
District of Oregon
Janice E. Hebert
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /

Lisa Goldoftas
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Loni Downs brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) and supplemental security income (SSI). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). I affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on June 29, 2011, alleging an onset date of January 1, 2005. Tr. 221-32.[1] Her application was denied initially and on reconsideration. Tr. 88-99, 113, 115, 116-27, 144-48, 159-62, 100-11, 112, 114, 128-39, 149-53, 163-65.

On May 22, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 36-73. On June 12, 2013, the ALJ found Plaintiff not disabled. Tr. 14-35. The Appeals Council denied review. Tr. 1-4.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on having cognitive disorder, major depressive disorder, post-traumatic stress disorder, learning disorder, attention deficit hyperactivity disorder, and chronic leg and foot pain. Tr. 247. At the time of the hearing, she was forty-one years old. Tr.

---

[1] At the hearing, Plaintiff amended her onset date to September 23, 2009. Tr. 17, 60.

2 - OPINION & ORDER

42, 67. She completed two years of college and has past relevant work experience as a welder. Tr.28, 44-45.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

3 - OPINION & ORDER

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 19. Next, at step two, the ALJ determined that Plaintiff has severe impairments of cognitive disorder NOS; learning disorder; tethered spinal cord status post surgery; tarsal tunnel syndrome; attention deficit hyperactivity disorder; and anxiety. Tr. 19. However, at step three, the ALJ found that Plaintiff's impairments, considered either singly or in combination, did not meet a listed impairment. Tr. 20-21.

At step four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b ) and 416.967(b), and that she is limited to simple, routine work with no reading or mathematics over a third grade level and requiring no independent judgment. Tr. 21. She is further limited to occasional contact with co-workers and supervisors and to superficial contact with the public. Id.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

DISCUSSION

Plaintiff's only argument is that the ALJ erred by finding her subjective symptom testimony not credible. She contends that the ALJ failed to address the limited nature of her daily activities and whether such activities are transferable to the work place. She argues that her occasional participation in certain activities does not support rejection of her testimony.

The ALJ found that Plaintiff's medically determinable impairments caused symptoms resulting in some limitations on work activity. Tr. 22. But, he found her not "entirely credible" and rejected her testimony that she had physical and mental impairments of disabling severity. Tr. 28. As to her physical impairments, the ALJ noted Plaintiff's reports that her lower extremity pain was greatly reduced after her surgery and the significant improvement of her symptoms with pain medication. Id. She was able to participate in multiple physical activities such as painting,

working as a tattoo artist and delivery driver, and taking belly dancing classes. Id.; see also Tr. 22-23 (discussing the evidence in more detail). In summary, the objective medical evidence and Plaintiff's activities suggested that her symptoms were not as severe as alleged. Tr. 28.

As to her mental impairments, the ALJ cited to the multiple occasions on which Plaintiff reported her symptoms had improved with medication. Id. He further noted that treatment providers had generally assessed her with Global Assessment of Functioning (GAF) scores in the mild to moderate range of severity. Id. She was able to attend community college to learn a trade and had worked as welder for many years despite her cognitive difficulties. Id. She was fired from her parts delivery job and left the tattoo artist job for reasons other than any mental impairment. Id. In summary, the reported improvement of symptoms with medication, her GAF scores, and her ability to work despite her mental impairments, suggested that her mental health symptoms and limitations were not as severe as she has alleged. Id.

The ALJ's opinion makes clear that he found Plaintiff's subjective symptom and limitations testimony not credible because of Plaintiff's activities of daily living, the effectiveness of her medications, and the fact that her jobs as a parts delivery driver and tattoo artist ended for reasons other than her impairments. He also found that her testimony was contrary to the objective medical evidence.

The ALJ is responsible for determining credibility. Vasquez, 572 F.3d at 591. Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. Carmickle v. Comm'r, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes

6 - OPINION & ORDER

objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons'").

When determining the credibility of a plaintiff's complaints of pain or other limitations, the ALJ may properly consider several factors, including the plaintiff's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may also consider the ability to perform household chores, the lack of any side effects from prescribed medications, and the unexplained absence of treatment for excessive pain. Id.; see also Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.") (internal quotation marks omitted).

Additionally, the ALJ may also consider the fact that a claimant stops work for non-impairment reasons. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001). And, the ALJ may consider objective medical evidence in determining a claimant's credibility regarding subjective symptom testimony, as long as the ALJ does not reject such testimony solely because it is unsubstantiated by the objective medical evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c); Rollins v. Massanari, 261 F.3d 853, 856, 857 (9th Cir. 2001) ("Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's

subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain[;] . . . While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (internal quotation and brackets omitted).

A claimant's daily activities may undermine a claimant's subjective symptom testimony in two ways. Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). First, activities of daily living may show that the claimant performs activities and skills that can be transferred to a work setting. Id. Second, activities of daily living may contradict the claimant's testimony. Id. These are independent bases for considering daily activities. Thus, if the activities of daily living contradict other parts of a claimant's testimony, the ALJ does not have to make a finding that the activities are transferrable to a work setting. Additionally, while the "mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability" and "[o]ne does not need to be 'utterly incapacitated' in order to be disabled[,]" Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the evidence here supports the ALJ's finding.

The ALJ found that Plaintiff's activities contradicted her pain and limitations testimony. He noted evidence in the record that despite her allegations of severe pain in her feet, back, and legs, she had been able to go window shopping and "lolly-gag," had done painting for her sister, had worked as a tattoo artist and delivery parts driver, had taken a belly dancing class, could cook, wash dishes for up to thirty minutes, and did one hour per day of household chores. Tr. 22-23. As to the tattoo artist job, the ALJ noted that Plaintiff had to set up the space which included

plumbing the room herself and putting in a sink. Tr. 22. There was a note from Dr. Steven Barry, Ph.D., that she stopped attending the belly dancing class because of expense and distance from her home. Id. (citing Tr. 364). The ALJ also remarked on another report by Dr. Barry that Plaintiff "made clear that after her surgery, pain was no longer a concern for her." Id. (citing Tr. 373).

The ALJ also noted the reports by Plaintiff that medication had improved her mental health symptoms, citing as a particular example her report that Strattera helped her to better follow through with plans and increase her focus and concentration. Tr. 23 (citing Tr. 363-64). He also cited the numerous reports of her mild to moderate GAF scores. Tr. 24.

The record supports the ALJ's determination that Plaintiff's activities of daily living contradict her testimony that she suffers from symptoms and limitations at a disabling level. Furthermore, as Defendant argues, even if the ALJ erred in relying on her activities of daily living to find her testimony not credible, the ALJ also relied on the effectiveness of her medications and the fact that she left two jobs for reasons other than her impairments. Plaintiff fails to challenge these other bases for the ALJ's negative credibility finding and thus, the ALJ's decision can be sustained for those reasons which are supported by substantial evidence. See Carmickle, 533 F.3d at 1162-63, 1163 n.4; Batson v. Comm'r, 359 F.3d 1190, 1197 (9th Cir. 2004). Finally, along with these other reasons, the ALJ relied on the fact that Plaintiff's testimony was not supported by the objective medical evidence. Plaintiff makes no challenge to that finding.

The ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. There is no error.

CONCLUSION

The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 14 day of December, 2015

　　　　　　　　　　　　/s/ Marco A. Hernandez
　　　　　　　　　　　　Marco A. Hernandez
　　　　　　　　　　　　United States District Judge